**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES DENNIS FRIEDMAN,

    Defendant - Appellant.

No. 19-4127
(D.C. Nos. 2:18-CV-00906-RJS &
2:99-CR-00100-DB-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Charles Friedman, a federal prisoner appearing pro se, filed a

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The district

court dismissed the motion as untimely. Friedman now appeals. Exercising

jurisdiction pursuant to 28 U.S.C. §1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

We begin by summarizing the criminal proceedings that preceded Friedman's filing of the instant § 2255 motion. Friedman, as this court noted in a 2007 decision, "is a serial bank robber." *United States v. Friedman*, 554 F.3d 1301, 1302 (10th Cir. 2009) (*Friedman 2007*). In 1986, Friedman robbed two banks—one in Utah and one in Arizona. Friedman was subsequently charged with and convicted of both crimes. He received a 20-year sentence for the Utah robbery and a consecutive 3-year sentence for the Arizona robbery. Both of "these sentences were imposed under the law in effect prior to the existence of the Sentencing Guidelines." *Id.* at 1303 n.2. Friedman was paroled on June 13, 1998. At that time, he had approximately 2,911 days remaining to be served on the sentences.

Shortly thereafter, Friedman resumed his criminal activities. In March of 1999, he was indicted in the United States District Court for the District of Utah on three counts of bank robbery that occurred during a three-week period in late December 1998 and January 1999.

In August 2000, Friedman entered into a plea agreement in which he pleaded guilty to one count in exchange for the government dismissing the remaining two counts. In Paragraph 2 of the plea agreement, Friedman agreed, in pertinent part: "I understand that a term of supervised release will be added to any prison term imposed. If I violate the supervised release term, I can be returned to prison for the remainder of my sentence <u>and</u> for the full length of the supervised release term." ROA, Vol. 1 at 19 (emphasis in original). In Paragraph 13(a) of the agreement, the

government "agree[d] to recommend that [Friedman's] prior convictions for bank robbery in 1986 be construed as related offenses pursuant to [the] United States Sentencing Guidelines because they were part of a common plan or scheme." *Id.* at 20. The government "further agree[d]," in Paragraph 13(a) of the agreement, "to recommend that any sentence imposed on the instant offense be served concurrently with any and all undischarged terms of imprisonment, including the remainder of the undischarged term of imprisonment due to the 1986 bank robberies." *Id.*

In October 2000, Friedman was sentenced to a term of imprisonment of 71 months, to be followed by a three-year term of supervised release. *Id.* at 27. The district court ordered the sentence to run concurrently with any term of imprisonment that the United States Parole Commission might impose on Friedman for violating the terms of his parole.

Following Friedman's sentencing, the Parole Commission lodged a parole warrant as a detainer, but refused to execute on the parole warrant until Friedman completed his sentence for the 1999 bank robbery.

In December 2002, Friedman filed a § 2255 motion arguing that the Parole Commission was bound by, and in turn had violated, the 2000 plea agreement by not executing on the parole warrant and allowing Friedman to be released to its detainer against him in order to effectuate the concurrent sentence ordered by the district court. The Federal Bureau of Prisons in turn informed the district court that it was unable to run Friedman's sentence concurrently to whatever sentence the Parole Commission might impose when it ultimately executed its parole warrant. In May

3

2003, the district court granted Friedman's § 2255 motion and ordered that Friedman would be considered to have been released on October 17, 2000, to the custody of the United States Marshals Service pending the Parole Commission's further instruction and disposition of its pending warrant against Friedman. In doing so, the district court did not conclude that the Parole Commission breached the 2000 plea agreement.

On June 21, 2005, the district court vacated and withdrew its May 2003 order, and entered a new order reducing Friedman's sentence for the 2000 conviction from 71 months to one day of imprisonment, plus three years of supervised release.

On June 24, 2005, the Parole Commission mandatorily released Friedman from custody. At that time, there were approximately 1,195 days remaining on the sentences imposed for the 1986 bank robbery convictions. Friedman was placed on supervised release for the 2000 bank robbery conviction and remained on parole for the 1986 bank robberies and convictions.

In November 2005, Friedman robbed a bank in Utah. He was indicted for that crime and also charged with violating the terms of his supervised release. The case was transferred to the district court judge that presided over Friedman's earlier criminal proceedings, and consolidated with proceedings to revoke Friedman's supervised release on the 2000 bank robbery conviction. Friedman pleaded guilty to the November 2005 bank robbery, and to violating the terms of his supervised release. On March 1, 2007, the district court sentenced Friedman to a below-guideline sentence of 57 months' imprisonment for the 2005 bank robbery

4

conviction, and a consecutive term of imprisonment of 24 months for the supervised release violations.[1]

The government appealed, arguing that the 57-month sentence for the 2005 bank robbery conviction was substantively unreasonable. This court agreed, concluding that "the district court abused its broad discretion in significantly varying downward from the advisory Guidelines range to sentence Friedman as if he were not a career offender." *Friedman 2007*, 554 F.3d at 1312. Accordingly, this court reversed the sentence imposed by the district court and remanded for resentencing.

On remand, the case was assigned to a different judge. At the resentencing hearing on July 22, 2011, the district court noted that Friedman's criminal record was so extensive that he merited a sentence of 188 months' imprisonment, a term at the very top of the guidelines range. But the district court ultimately imposed a sentence of 151 months' imprisonment in order to account, in part, for the fact that Friedman faced a separate and consecutive prison term for violating the term of supervised release that he was serving in connection with his 2000 bank robbery conviction.

Friedman appealed the 151-month sentence, arguing that it was both procedurally and substantively unreasonable. On October 17, 2012, this court rejected Friedman's arguments and affirmed the sentence. *United States v. Friedman*, 499 F. App'x 807, 808, 812 (10th Cir. 2012).

---

[1] The presentence investigation report for the 2005 bank robbery conviction calculated an offense level of 29, a criminal history category of VI, and a resulting sentencing range of 151 to 188 months.

5

On June 19, 2013, the Parole Commission notified Friedman and the BOP that the Parole Commission would let his detainer stand.

In May 2018, Friedman moved to amend the § 2255 motion he filed in December 2002. In his motion, Friedman asserted that the Parole Commission was continuing to violate the 2000 plea agreement by frustrating the government's promised recommendation for concurrent service of sentences. Relatedly, Friedman moved to set aside the judgment in the 2002 § 2255 proceeding so that he could amend his motion. In October 2018, the district court denied Friedman's motions. Friedman did not appeal from that decision.

On October 14, 2018, Friedman finished serving the 151-month sentence for the 2005 bank robbery and the consecutive 24-month sentence that was imposed for violating the term of supervised release in connection with his 2000 bank robbery conviction. On that same date, Friedman began serving the time that remained on his 1986 bank robbery sentences as a punishment for his parole violations. Once that time is served, Friedman is scheduled to begin serving his supervised release term for the 2005 robbery.

II

We now turn to the procedural history of Friedman's current § 2255 motion. Friedman initiated these proceedings on November 20, 2018, when he filed a § 2255 motion in the district court. ROA, Vol. 1 at 6. Friedman alleged in his motion "that the acts or omissions of the United States Parole Commission (USPC) frustrate[d] or otherwise violate[d] the promised recommendation by the government for concurrent

6

service of his sentneces [sic], as . . . set forth in the [2000] plea agreement" that pertained to his three bank robberies in 1998 and 1999. *Id.* at 7. More specifically, Friedman argued that the reference in the 2000 plea agreement to concurrent sentences also applied to the 24-month sentence that was imposed in 2007 for violation of the term of supervised release that he was serving for the 2000 bank robbery conviction. Friedman alleged that his claim did not ripen until the Parole Commission "execute[d] its violator warrant [on] October 14, 2018." *Id.* at 13. Friedman asked the district court to "remedy the [Parole Commission's] breach of the plea agreement by vacating the 24-month [supervised release] term [of imprisonment] it handed down in 2007 . . . and re-imposing a 1-day [supervised release] term [of imprisonment] in its place." *Id.* at 35.

On May 24, 2019, the district court issued a memorandum decision and order denying Friedman's § 2255 motion as untimely. The district court also entered final judgment on that same date.

On June 21, 2019, Friedman filed a motion to alter or amend the judgment. On August 16, 2019, the district court denied Friedman's motion.

Friedman filed a notice of appeal on August 26, 2019. On September 9, 2019, Friedman filed a motion for certificate of appealability (COA). On November 4, 2019, the district court granted Friedman a COA.

7

III

We review the district court's conclusions of law, including its determination that Friedman's § 2255 motion was untimely, de novo. *See United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015).

Under 28 U.S.C. § 2255(f), "[a] 1-year period of limitation" applies to any motion filed under § 2255. That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The judgment of conviction at issue is Friedman's conviction for the 2005 bank robbery. That judgment became final no later than 2012, following this court's affirmance of Friedman's 151-month sentence.[2] Under the general limitation period set forth in § 2255(f)(1), Friedman's current motion filed November 20, 2018 is clearly untimely.

---

[2] The 24-month consecutive sentence that was imposed for Friedman violating his term of supervised release arguably became final in 2007, when Friedman failed to challenge it in his initial appeal.

8

Friedman effectively relies on § 2255(f)(4) to render his motion timely, arguing that his claim did not ripen until October 14, 2018, when he began serving the time that remained on his 1986 bank robbery sentences as a punishment for his parole violations. We conclude, however, that Friedman's motion is not timely under § 2255(f)(4).

As the district court noted, the record in this case establishes that on June 19, 2013, the Parole Commission notified Friedman that it intended to let his detainer stand. In other words, the Parole Commission notified Friedman on that date that it intended to prevent his immediate release upon completion of his 151-month sentence for the 2005 robbery and the consecutive 24-month sentence for his violation of supervised release in connection with his 2000 robbery conviction. The district court concluded, and we agree, that this June 9, 2013 notice was sufficient to reasonably give rise to the claim now asserted by Friedman in his § 2255 motion. Thus, Friedman had one year from that date, or until approximately June 9, 2014, to assert the claim he now seeks to assert in his § 2255 motion.

Finally, even assuming that Friedman's § 2255 motion was somehow timely, it is apparent from the record that it lacks merit. Nothing in the 2000 plea agreement could reasonably be construed as guaranteeing Friedman that the sentence imposed by the Parole Commission would run concurrently with any sentence he might receive if he violated the term of supervised release that was imposed for his 2000 robbery conviction. Indeed, for us to construe the 2000 plea agreement in that manner, we would have to conclude that the parties anticipated that Friedman, following the completion of the term of imprisonment imposed for the 2000 robbery conviction, would commit new crimes

9

and violate his term of supervised release.  The terms of the plea agreement, however, indicate otherwise.  For example, Friedman expressly acknowledged in the agreement that, if he violated his term of supervised release, he could "be returned to prison for the remainder of [his] sentence <u>and</u> for the full length of the supervised release term."  ROA, Vol. 1 at 19 (emphasis in original).  Moreover, the two sentences that were imposed by the district court following Friedman's 2005 robbery conviction, including the 24-month sentence for violating his term of supervised release, were not ordered by the district court to run concurrently with any sentence remaining to be served for his 1986 robbery convictions.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

10